768

In re JOSÉ M. BIAGGI JUNQUERA, querellado; In re JOSÉ RAÚL CANCIO BIGAS, querellado; In re JOSÉ ANDRÉS CUEVAS, querellado.

Números: O-76-88    Resueltos: 22 de abril de 1976
O-76-89
O-76-93

*Héctor R. Orlandi Gómez, Subprocurador General, Adolfo J. Vila y Ronaldo Rodríguez Ossorio, Procuradores Generales Auxiliares,* abogados de la Procuradora General; *Saldaña, López-Baralt & Rey, José Raúl Cancio Vilella, Hiram R. Cancio, Hiram Meléndez Rivera,* abogados del querellado José Raúl Cancio Bigas; *Ramírez, Segal & Latimer,* abogados del querellado José M. Biaggi Junquera; *López-Lay & Vizcaya,* abogados del querellado José Andrés Cuevas.

PER CURIAM: Contra estos tres querellados se han presentado cargos de conducta profesional impropia por haber autorizado escrituras tituladas como Primera Hipoteca cuando existían gravámenes anteriores y por no informar a los otorgantes que los inmuebles que ellos adquirían no habían sido liberados de las referidas cargas (Cánones 35, 38, y Preámbulo del Código de Ética). Se formuló un cargo adicional a Biaggi Junquera por haber permitido que una corporación cliente cobrara por servicios legales o notariales del bufete Blanco Lugo, Morán y Lavastida, del que Biaggi era socio y Cancio y Cuevas empleados, y en el cual se atendían los asuntos de consultoría, litigios y documentación de First Conventional Investment Corporation. Los aquí querellados han comparecido admitiendo y explicando su conducta profesional. Biaggi intervino en el otorgamiento de una sola transacción referente a un solar de "Moca Gardens", formalizada mediante la escritura Núm. 1 de segregación y compraventa, y la Núm. 2 de hipoteca a favor de First Conventional. Cuevas autorizó una de compraventa y varias de hipoteca de Coamo Gardens Development Corp., y Cancio Bigas autorizó escrituras de segregación, compraventa e hipoteca de Coamo Gardens y Ponce de León Gardens, todas las que tenían por objeto casas o unidades de vivienda financiadas por First Conventional.

En todos los casos la intervención de estos querellados como notarios fue accidental, dictada por imposibilidad del abogado que en el bufete tenía esa labor asignada. Cuevas estaba a cargo del trabajo notarial de Trust Mortgage Corp., otro cliente del bufete y tenía un año de ejercicio en la profesión; Cancio Bigas, también recién graduado, tenía un año de práctica y estaba asignado a litigios sin relación directa alguna con First Conventional. Biaggi Junquera tenía cinco años de experiencia en la profesión y no tuvo más ingerencia en este asunto que un solo acto de compraventa e hipoteca. Ninguno acusa proceder corrupto, inmoral o negligente. Realmente siguieron el sistema y orden interno del bufete en que

trabajaban dependiendo, para la información sobre cargas y gravámenes pendientes, de los compañeros de bufete y de la corrección y veracidad de los datos consignados en los documentos preparados de antemano, en cuya redacción no intervinieron; como tampoco estaban familiarizados con las operaciones financieras de First Conventional. Este cuadro de ejercicio un tanto casual y dislocado del notariado cuando la actuación del notario se diluye en la anonimia de una organización o régimen polimorfo ha sido desaprobado en *In re Meléndez Pérez*, 104 D.P.R. 770 (1976). La excesiva confianza agravada por falta de experiencia en Cuevas y Cancio Bigas los convirtió en víctimas de este proceso a que han sido sometidos. Nuestras expresiones en *Mélendez Pérez*, supra, habrán de fortalecer su concepto de la alta responsabilidad del notario para con la sociedad, y siguiendo el precedente este Tribunal advierte a los querellados de la exigencia irreducible de asumir esa responsabilidad a plenitud. *Exonerados*.

El Juez Presidente Señor Trías Monge y los Jueces Asociados Señores Rigau y Dávila se inhibieron. El Juez Asociado Señor Negrón García se inhibió en el caso O-76-89.